SARAH J. S. TRAYHERN, by her next friend, JAMES
F. TRAYHERN *vs.* CHARLES W. HAMILL.

*Construction of the Act of* 1874, *ch.* 364—*No Removal of
Insolvent Proceedings.*

The Act of 1874, ch. 364, (which amended the Constitution,) author-
izing the removal of causes, does not embrace issues framed at the
instance of a creditor in insolvent proceedings.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER,
ALVEY and IRVING, J., for the appellant, and submitted for
the appellee.

*Alexander H. Hobbs,* for the appellant.

*William A. Wade* and *John J. Wade,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellee having filed his petition, as an insolvent
debtor, in the Court of Common Pleas for a discharge
under the insolvent laws of the State, the appellant being
a creditor to a large extent of the petitioner, filed inter-
rogatories to which the petitioner made answer. The ap-
pellant filed exceptions to the answer, propounded new
interrogatories, made new charges and prayed issues to be
tried by a jury. The appellee pleaded not guilty to the
charges alleged in the petition. Appellant then filed a
suggestion for removal because he could not have a fair
trial in that Court, which suggestion was verified by affi-

davit. The Court overruled the motion or suggestion for removal, and the correctness of the Court's action in that regard, forms the subject of this appeal. The Act of 1874, chapter 364, which submitted a constitutional amendment, which was afterwards adopted, and which must control this question, uses this language, "in all suits or actions at law, issues from the Orphans' Court or from any Court sitting in equity," * * * "on suggestion in writing under oath of either of the parties to said *proceedings*, that such party cannot have a fair and impartial trial in the Court in which the same may be pending, the said Court shall order and direct the record, etc., to be transmitted to some other Court." Our inquiry is, does this language embrace issues framed in an insolvent proceeding. . In order to fall within this provision of the Constitution, it must be covered by the terms, "suit or action at law," for the *issues* provided for are expressly confined to "issues from the Orphans' Court, or from any Court sitting in equity." That the words "suit or action at law" will not embrace an insolvent proceeding or issues in it, seems to be expressly decided by this Court in *Michael vs. Schroeder*, 4 *H. & J.*, 227. The law under which that case arose was the Act of 1804, ch. 55, the second section of which provided for removal on suggestion and affidavit "in any suit or action at law," which is the exact language used in the constitutional amendment, and which we are asked to say, embraces issues framed at the instance of a creditor in an insolvent proceeding. In the case just cited the creditors of the insolvent petitioner filed allegations against his discharge, and prayed issues for a jury, as has been done in this case. The petitioner then, as the creditor does here, filed a suggestion and affidavit for removal, which was refused, and on appeal the judgment was affirmed. The case is briefly reported, and no opinion was filed, but it would appear from the statement of the case, that the case turned on the construction of that language

" suit or action at law." Subsequently to that decision the Act of 1849, ch. 518, was passed, which expressly included " issues framed upon allegations filed by his creditors against any insolvent petitioner ;" and *Townshend vs. Townshend,* 9 *Gill,* 506, was decided with that Act in force to control it. The Code left that language out, but the word " issues " was still so used as to make it somewhat uncertain whether insolvent issues were embraced. It is very clear, however, that the Constitution of 1867, and the Act of 1868, made to carry out its provisions, and the Constitutional amendment of 1874, exclude such issues ; and that the right to removal in such a case is not now secured. We have not considered the technical objections to the form of suggestion and affidavit, as it was not necessary to do so in the view we take of the case, and we have treated the question as if presented without any technical questions whatever. The ruling of the Court of Common Pleas will be affirmed.

*Affirmed with costs, and*
*cause remanded.*