## THE BEL AIR SOCIAL, LITERARY, MUSICAL AND DRAMATIC CLUB OF BEL AIR, HARFORD COUNTY *vs* STATE OF MARYLAND.

*Forfeiture of Franchises—Right of Removal of Cases.*

In cases of proceedings instituted under the statute for the forfeiture of chartered franchises for abuse, misuse, or non-use of such franchises, as provided by secs. 255 to 263 of Art. 23 of the Code, the right of removal does not exist, such proceedings not being within sec. 8, of Art. 4 of the Constitution providing that in all suits, or actions at law, &c. the cause may be removed to some other Court for trial, upon suggestion in writing under oath that a fair and impartial trial cannot be had in the Court in which the same may be pending.

APPEAL AS UPON WRIT OF ERROR, from the Circuit Court for Harford County.

On the 14th of February, 1891, the State's Attorney for Harford County, by direction of Governor Jackson filed a petition in the Circuit Court for Harford County, praying that a decree of forfeiture of its charter might be passed by the Court against the appellant. An order to show cause was passed by the Court. A plea and answer were filed, as also a replication and rejoinder, and a number of issues upon such pleadings were joined. Whilst the issues were pending, and before a jury was empaneled, the defendant filed a suggestion, verified by affidavit, that it could not have a fair and impartial trial in the Court where the cause was then pending, and prayed that the record of proceedings be removed to some other Court for trial. The application for removal was denied by the Court, and thereupon the defendant prayed an appeal by way of writ of error, and the same was granted.

The cause was argued for the appellant before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted on brief for the appellee.

*William Young*, and *Geo. Y. Maynadier* (with whom was *William L. Cooley* on the brief,) for the appellant.

The right of removal so as to secure to either party to a suit or action a fair and impartial trial, lies at the very foundation of the pure and impartial administration of justice, and is a right secured by the present Constitution of this State, and by all previous Constitutions, and so jealously secured that the Legislature or Courts cannot impair or abridge such right. *Constitution, Art. 4, sec. 8; Art. 75, sec 97, of the Code of Public General Laws; Poe's Practice, sec. 90, et seq.; Griffin vs. Leslie, 20 Md., 15; Price vs. Nesbitt, 29 Md., 263; Hoyer vs. Colton & Baetjer, 43 Md., 421; Cooke vs. Cooke, 41 Md., 366; McMillan vs. State, 68 Md., 308.*

As to the right of appeal in this case, see foregoing authorities, and *Art. 23, sec. 262, of the Code.*

*Wm. Pinkney Whyte, Attorney-General,* for the appellee.

The assignment of error in this case should be dismissed, because the ruling of the Circuit Court cannot be reviewed and corrected upon such proceeding; and because the alleged error can only be reviewed by the statutory method of appeal. *Griffin vs. Leslie, 20 Md., 19;* and *Art. 23, sec. 262, of the Code.*

But if the order of the Court, overruling the motion and suggestion of removal is properly before this Court, then, such order was properly passed, because the Court below had no power, under the Constitution and laws, to order the removal of the proceedings as suggested. *Art. 4, sec. 8, of the Constitution; Art. 75, sec. 97, of the Code.*

It has been decided, that the constitutional provisions and legislative enactments above referred to, have no application to appeals from justices of the peace, nor to

Bel Air Social, Literary, Musical and Dramatic Club *vs.* State.

other causes pending before the Circuit Courts on appeal. *Hoshall vs. Hoffacker*, 11 *Md.*, 362; *Geekie vs. Harbourd*, 52 *Md.*, 460. Nor to cases in equity. *Cooke vs. Cooke*, 41 *Md.*, 366. Nor to issues in insolvency proceedings. *Trayhern vs. Hamill*, 53 *Md.*, 90.

The proceeding under review is not "a suit or action at law," as properly understood, but is a special statutory proceeding, intended to prevent and correct the abuses of corporations, created by the favor of the State. The issues, which may be joined on such proceedings, shall be tried by a jury, if either party desire it, otherwise they are heard by the Court, and so differ from "issues from the Orphans' Court or from any Court sitting in equity," as set forth in the Constitution.

The proceeding is based upon the provisions of the general Corporation Act of 1868, embodied in the Code. It is a substitute for the old common law proceeding of *scire facias*, and softens the rigor of that mode of inquiry. *State vs. Consolidation Coal Co.*, 46 *Md.*, 2.

Such a case is not covered by the provision of the Constitution or later legislation, and the right of removal in such cases does not exist. Art. 23, sec. 255, of the Code.

If forfeiture is declared, a receiver is to be appointed and the corporation wound up as in case of dissolution of corporations on bill filed therefor on their own motion. Art. 23, sec. 258, of the Code. Such a bill can only be filed, and the corporation wound up "in the Circuit Court of Baltimore City, if its principal office or place of business be in said city, or in the Circuit Court for the county in which its principal office or place of business may be situated." *Art. 23, sec. 265, of the Code.* This point was distinctly decided in *Davis, Brydon, et al. vs. Gemmell, et al.*, 73 *Md.*, 535.

ALVEY, C. J., delivered the opinion of the Court.

The single question presented here is, whether the right of removal exists in cases of proceedings insti-

tuted under the statute for the forfeiture of chartered franchises, for abuse, misuse or non-use of such franchises, as provided by the Code, Art. 23, secs. 255 to 263.

The Constitution of the State, Art. 4, sec. 8, provides that in all suits or actions at law, issues from the Orphans' Court or from any Court sitting in equity, and in all cases of presentment or indictment for offences, &c. upon suggestion in writing under oath, &c., that such party cannot have a fair and impartial trial in the Court in which the same may be pending, the said Court shall order and direct the record, &c. to be transmitted to some other Court, having jurisdiction, for trial. The terms, "all suits or actions at law," are certainly very comprehensive, and if they be allowed their largest import, might, perhaps, be made to embrace a case such as the present, and many others, such as proceedings under the insolvent laws, (*Trayhern vs. Hamill*, 53 *Md.*, 90,) that have been held not to be embraced by them. But those terms must have a reasonable construction given them, and such as will consist with a fair and rational administration of justice. They must not have placed upon them a construction that would tend to defeat or unduly embarrass the prosecution of special statutory remedies or proceedings, where the exercise of the right of removal might produce such consequences. We cannot suppose that the authors of the Constitution ever intended that the provision of that instrument in regard to removals should be so applied. In the construction of it, therefore, we must have reference to the nature of the action or proceeding, the extent and limit of the jurisdiction to be exercised, the character of the final judgment, and the nature of the process or proceedings to follow thereon; for if the removal of the cause would seriously interfere with or hinder the enforcement of the final judgment, or embarrass the proceedings thereon, we must assume that such cases were not intended to be embraced by the constitutional provision.

Bel Air Social, Literary, Musical and Dramatic Club *vs.* State.

Now the proceedings prescribed and directed for the forfeiture of corporate franchises, for abuse, misuse or non-use, are of a special statutory nature, and can only be pursued as the statute directs. And though they have been devised and provided to take the place of the more tedious and complex remedies known to the common law in such cases, that fact does not divest the statutory remedy of its special character, nor authorize the Court, in applying it, to exercise a more enlarged or unrestricted jurisdiction than that prescribed to it by the statute. The Code, Art. 23, sec. 255, provides that whenever the Attorney-General of the State, or the State's Attorney for the City of Baltimore, or for any county in the State, shall be authorized by the Governor to institute proceedings against any corporation for forfeiture of franchises, he shall file in the Court thereinafter designated, a petition in the name of the State, setting forth the alleged abuses, misuses, &c. And if cause of forfeiture be found to exist, the Court, (if it should think the public interest requires it,) is required to enter a decree of forfeiture; "and the charter of said corporation shall thereby be annulled and vacated, and all its corporate franchises and powers shall cease, and henceforth be void; and the Court shall thereupon appoint a receiver or receivers of the estate and assets of said corporation, in the same manner and with like powers, as provided in sections 268 and 269 of this Article, in reference to dissolution of corporations, on bill filed therefor on their own motion." The receiver so to be appointed is to "proceed to wind up the affairs of such corporation, under the directions of the Court by which he shall have been appointed," &c. And by section 261, the petition for a decree of forfeiture is required to be filed in the Circuit Court for the county in which the certificate of incorporation was obtained and filed, or in which the corporation has its principal

Bel Air Social, Literary, Musical and Dramatic Club *vs.* State.

office if not incorporated under the general incorporation law, or in the Superior Court of Baltimore City, as the case may be. These provisions of the statute clearly indicate that the jurisdiction to be exercised in these cases is that alone of the Court where the corporation had its origin, or has its home existence; and that the proceeding against it for forfeiture is not such as was ever intended should be subject to removal from one jurisdiction to another, or, as it might be, from one part to some other remote part of the State. The form and nature of the proceedings prescribed partake of proceedings both at law and in equity; the equitable procedure predominating, especially after forfeiture declared. It has been held by this Court that an equity cause is not within the provision of the Constitution, and is not, therefore, subject to removal; (*Cooke vs. Cooke,* 41 *Md.,* 362;) and very much for the same reasons this proceeding is not subject to removal. After forfeiture declared, the proceeding is to be conducted as a proceeding in equity is conducted, for winding up and administering the assets and affairs of an insolvent corporation. All the reasons that apply against the removal of an equity case, instituted for such purpose, equally apply here. The Court below overruled the application for removal, and in so doing we think there was no error.

Whether the ruling of the Court upon the application to remove should have been brought here by way of an appeal rather than by petition and assignment of error, is a question that we need not decide. We shall simply affirm the ruling of the Court below, and remand the cause that it may be proceeded with in accordance with the directions of the statute.

*Order affirmed.*

(Decided 16th June, 1891.)