ALCINDA M. CHAPPELL AND OTHERS *vs.* THE EDMONDSON AVENUE, CATONSVILLE AND ELLICOTT CITY ELECTRIC RAILWAY COMPANY.

*Appeal—Eminent Domain—Assessment of Damages—Removal of Cause.*

No appeal lies from an order of a Circuit Court confirming or setting aside an inquisition assessing damages, where land has been condemned for the use of a railway.

An inquisition to assess damages in condemnation proceedings is required to be returned to the Circuit Court of the county where the land lies, and since no right to remove such a case to another Court is provided for by statute, no appeal lies from an order overruling a motion for such removal.

Appeal from orders of the Circuit Court for Baltimore County.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and RUSSUM, JJ.

*Thomas C. Chappell,* for the appellants.

*D. G. McIntosh,* for the appellee, but the Court declined to hear him.

BRISCOE, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case must prevail. There are two grounds upon which the motion is

based : *First.* Because an appeal does not lie from the order of the Circuit Court in a proceeding of this kind ; and *second*, because the record in the case has not been printed in accordance with the rules of this Court.

It appears from the record that the appellees, the Edmondson Avenue, Catonsville and Ellicott City Electric Railway Company, proceeded according to the provisions of the Act of 1892, chapter 335, to condemn certain lands of the appellants for railroad purposes as by such act it was authorized to do. A warrant was duly issued by a justice of the peace of Baltimore County, upon application of the company to condemn the land and assess the damages. An inquisition was had and returned by the sheriff to the Court. Thereupon the following proceedings were had, as appears from the " docket entries " in the case.

" Novr. 19th, 1895—Exceptions filed. Same day motion to quash filed.

" Novr. 20th, 1895—Notice to plaintiff to produce copies filed.

" Same day sheriff's return of service of order of Court on William L. Layfield, secretary of plaintiff.

" Same day—Petition for a writ of *certiorari* refused ; exceptions noted.

" Same day—Application for removal refused ; exceptions noted.

" Novr. 21st, 1895—Additional exceptions filed.

" Novr. 22nd, 1895—Sheriff's return of service of notice on counsel for plaintiff filed.

" Novr. 23rd, 1895—Additional exceptions of defendants and exhibit plat filed.

" Novr. 25th, 1895—Motion to quash filed. Same day— Motion of plaintiff that the Court shall not receive papers filed by appellant after testimony closed filed.

" Novr. 26th, 1895—Exceptions of Alcinda M. Chappell, &c., filed."

And on the 3rd of Dec., 1895, an order for appeal to this Court was filed in these words :

"Mr. Clerk : Enter an appeal in this case from the order of the Court passed November 18th, refusing to order the removal of this case, and from the order of the Court passed November 20th, 1895, refusing to issue a writ of *certiorari* herein, and the refusal of the Court to remove said case to the United States Circuit Court.

THOMAS C. CHAPPELL,

*Atty. for Alcinda M. Chappell, Thomas C. Chappell, Thomas C. Chappell, Trustee.*"

Now, so far as the record discloses, there has been no order by the Circuit Court of Baltimore County, confirming the inquisition, nor an appeal from a final order, though the appellees in their brief state "that exceptions were made to the proceedings upon a great variety of grounds before the Circuit Court; the exceptions were overruled and the inquisition confirmed by the Court."

But, assuming that there had been such an order and the appellants had appealed therefrom, it would clearly not be an order from which an appeal would lie to this Court. And this is so, because the jurisdiction of the Circuit Court for Baltimore County is a limited one, in proceedings of this kind, specially conferred by statute, which does not authorize an appeal; its jurisdiction here being entirely distinct and independent of its common law powers.

In the case of *Wilmington and Susquehanna R. R. Co.* v. *Condon*, 8 G. & J. 443, it was distinctly said by this Court: "There is no appeal expressly given to the Court of Appeals, under the Act of Assembly, investing the county Court with the power of reviewing and confirming or setting aside inquisitions like the present. From the nature and course of their proceedings this power of review is a fit subject for litigation in a county Court, but is wholly inappropriate to the jurisdiction of this Court. It is a special limited jurisdiction given to the county Court, from the decision of which no appeal lies to any other tribunal. With as much propriety might it be contended that appeals

would lie to this Court from the judgments of the county Court on warrant appeals relating to the recovery of small debts." And to the same effect will be found the more recent cases of *C. & P. R. R. Co.* v. *Pa. R. R. Co.*, 57 Md. 275, and *Brown* v. *P. W. & B. R. R. Co.*, 58 Md. 539.

So far as the appeals from the action of the Court in overruling the motion to remove the record of proceedings to an adjoining circuit, it is sufficient to say that the statute required the inquisition to be returned to the Circuit Court of the county wherein the land lies and exceptions thereto are to be heard by that Court. No removal is provided by the statute and there can be no appeal from an order in cases like this, overruling the suggestion for removal.

And as to the alleged refusal by the Circuit Court of Baltimore County to remove the case to the United States Circuit Court, we need only to say, that it does not appear from the record that any such order was passed; on the contrary the clerk certifies that no such petition was filed, and that he is unable to find " copies of the petition in his office."

For these reasons this appeal will be dismissed.

*Appeal dismissed with costs.*

(Decided June 17th, 1896).