# TIDEWATER PORTLAND CEMENT COMPANY,
### A BODY CORPORATE,

*vs.*

# THE STATE OF MARYLAND.

*Removals*: *in criminal cases; when discretionary.    Appeals
from final orders only.*

In cases of presentment or indictment for offenses punishable
by death, the right to removal is absolute, under section 8 of
Article 4 of the Constitution, and such right is not dependent
upon the judgment or discretion of the Court to which the sug-
gestion for removal is made; and an order refusing to remove
in such a case is an adjudication of a constitutional right from
which, according to the nature of the case, an immediate appeal
will lie.                                             p. 99

In other cases of presentment or indictment, when the offense
charged is not punishable by death, such right only exists when
it satisfactorily appears to the Court to which the suggestion is
made, in exercise of its discretion, that the suggestion is true, or
that there is reasonable ground for the same.          p. 99

In such a case, an order refusing an application for a re-
moval is not in the nature of a final order from which an im-
mediate appeal will lie, but as in the case of like rulings on
demurrers and other interlocutory judgments, no appeal lies
therefrom until final judgment.                        p. 100

And an appeal from such an order, prematurely taken before
the final judgment, will be dismissed.                 p. 100

When an appeal in such a case is properly before the Court
on appeal for review, it will not consider the affidavits and other
testimony offered in the case, to consider whether the Court of
Appeals would have been satisfied that the accused could not
have had a fair and impartial trial, etc., or whether there were

reasonable grounds for the suggestion; but the Court of Appeals will consider merely whether in refusing to grant the application the Court below committed an abuse of the discretion conferred on it.                                                          p. 100

*Decided December 6th, 1913.*

Appeal from the Circuit Court for Carroll County (BRASHEARS, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*William J. O'Brien* (with whom was *John Milton Reifsnider* on the brief), for the appellant.

*Edgar Allan Poe, Attorney-General* (with whom was *Edward O. Weant, State's Attorney for Carroll County,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant company was, on the 16th day of May, 1913, indicted in the Circuit Court for Carroll County, charged with maintaining a nuisance in the operation of its plant located in the town of Union Bridge, Carroll County, Maryland.

On June 4th, 1913, a suggestion was filed by the defendant company, under the oath of its vice-president and manager, that it could not have a fair and impartial trial in the Circuit Court for Carroll County, and asked that the record be transmitted to some other Court having jurisdiction in such case, for trial. With the suggestion were filed excerpts of articles published in certain newspapers of Carroll County commenting upon the conditions complained of in the indictment, in terms condemnatory of the defendant company. Affidavits of a number of citizens of the county were also filed and the oral testimony of others was taken in open Court, expressing their opinion that the appellant could not have a fair and impartial trial in the Circuit Court for Carroll County, owing to the feeling and prejudice existing against it, evidenced by the said newspaper excerpts and the

expressions of citizens of the county relative to the existing conditions, caused, as it is alleged, by the improper management and operation of the company's plant.

The Court after considering the aforesaid excerpts, affidavits and testimony taken, refused to grant the order transmitting the record to some other Court for trial, and this appeal was at once taken from that order.

We will first consider and determine whether this case is properly before us.

Section 8 of Article 4 of the Constitution of this State, as it now stands, after the adoption by the people at the November election, 1875, of the amendment proposed by the Acts of 1874, Chapter 364, provides that, "In all suits or actions at law, issues from the Orphans' Court or from any Court sitting in Equity, and in all cases of presentments or indictments for offenses which are or may be punishable by death pending in any of the Courts of law of this State having jurisdiction thereof, upon suggestion in writing under oath of either of the parties to said proceedings, that such party cannot have a fair and impartial trial in the Court in which the same may be pending, the said Court shall order and direct the record of proceedings in such suit or action, issue, presentment or indictment, to be transmitted to some other Court having jurisdiction in such case, for trial; but in all cases of presentment or indictment pending in any of the Courts of law in this State having jurisdiction thereof, in addition to the suggestion in writing of either of the parties to such presentment or indictment that such party cannot have a fair and impartial trial in the Court in which the same may be pending, *it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same.*"

In all cases of presentment or indictment for offenses *which are or may be punishable by death,* either of the parties to such presentment or indictment, upon making the required suggestion under oath, is entitled, as a matter of right, to

have the record of proceedings transmitted to some other Court having jurisdiction, for trial. In such cases the right of removal is not dependent upon the judgment or discretion of the Court to which the suggestion is made, and an order refusing to remove the case finally adjudicates a constitutional right of the party affected thereby, and such order is regarded as a judgment from which, according to the nature of the case, an appeal may be immediately prosecuted. *McMillan* v. *State,* 68 Md. 307; *Wright* v. *Hamner,* 5 Md. 375; *State* v. *Schillinger,* 6 Md. 449; *Griffin* v. *Leslie,* 20 Md. 15.

In all other cases of presentment or indictment where, as in this case, the offense charged is not punishable by death, there is no absolute right of removal. The right in all such cases exists only where it satisfactorily appears to the Court, in the exercise of its discretion, that the "suggestion is true or that there is reasonable ground for the same."

In the case of *Griffin* v. *Leslie, supra,* decided in May, 1863, the Court said, in construing section 28, Article 4 of the Constitution of 1851, which provided for the removal of all cases upon suggestion supported by affidavit, and in passing upon the question there raised as to the appealable character of an order refusing to grant a removal in that case, "the conditions prescribed by the Constitution and Acts of Assembly for the exercise of this right, being complied with by the party applying for it, there is no *discretion* in the tribunal to which it is made, to decide whether the application shall be granted or not. An order of the Court overruling the application is unlike ordinary rulings on motions, such as motions for a new trial and other motions addressed to the discretion of the Court, from which there is no appeal; and unlike rulings in demurrers and other interlocutory judgments where no appeal lies until final judgment."

In the case from which we have just quoted the Court held that the party suggesting the removal was entitled to an immediate appeal from the order refusing to transmit the record of proceedings to some other Court for trial, but in that case, unlike the case before us, there was no discretion in the

tribunal to which the suggestion was made to decide whether such application should be granted. By the provision of the Constitution it was a right that could not be denied the applicant, and the order when passed refusing to grant the removal of the case was in the nature of a final order from which an immediate appeal would lie. But in cases of this character there is no such absolute right of removal, and unless it satisfactorily appears to the Court, to which the suggestion is made, that such suggestion is true or there is a reasonable ground for the same there is no right of removal; therefore an order in such cases, refusing the application of removal is not to be regarded in the nature of a final order from which an immediate appeal will lie, but as in the case of like rulings on demurrers and other interlocutory judgments, no appeal lies therefrom until final judgment. The appeal therefore will be dismissed. If, however, the appeal were properly before us at this time, we, following the rule laid down in the case of *Downs* v. *State,* 111 Md. 241, would affirm the order appealed from.

As was held in the case of *Downs* v. *State, supra,* we are not to examine and consider the excerpts, affidavits and testimony offered with the view of deciding whether this Court would have been satisfied that the defendant company could not have a fair and impartial trial in the Circuit Court for Carroll County, or whether there were reasonable grounds for the suggestion, but for the purpose of ascertaining whether there has been an *abuse* by that Court of the discretion given it. We will not discuss the character or weight of the evidence offered by the defendant, but in our opinion it is not sufficient to warrant the conclusion that the refusal of the Court below to grant the application for removal was an *abuse* of the discretion given to it.

*Appeal dismissed, with costs to the appellee.*