# MAYOR AND CITY COUNCIL OF BALTIMORE, A MUNICIPAL CORPORATION,

## *vs.*

## ANNIE E. KANE ET AL.

*Condemnation proceedings: no right of removal.*

A proceeding to condemn land is an action at law. Such proceedings are not according to common law, but are in derogation of private rights, and wholly dependent upon statutory regulations and provisions.                                   p. 137

No right of removal in condemnation cases having been given by the Constitution, or by statute, no such right exists in cases of this character.                                   p. 140

In condemnation proceedings, where the question of the necessity, *vel non,* for the acquisition of the property by the City of Baltimore, was allowed to go to the jury, and a verdict and judgment entered, it would be too late to apply for a removal, even conceding that the right existed.                       p. 140

*Decided January 14th, 1915.*

Appeal from the Circuit Court for Baltimore County. (BURKE, C. J., and DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field, City Solicitor,* for the appellant.

*T. Scott Offutt* (with whom was *Robert H. Bussey* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This is a proceeding instituted by the Mayor and City Council of Baltimore on the 15th June, 1912, in the Circuit Court for Baltimore County, to condemn certain land in the Gunpowder Valley for "augmenting and improving the municipal water supply of Baltimore City." The answer of the defendants to the petition denies the necessity for the acquisition of the land for the purpose named, and this question was submitted to a jury in Baltimore County, which, by its verdict rendered on the 27th June, 1913, found the existence of the necessity, *i. e.,* that the City was entitled to have the land, which verdict was followed by a judgment in accordance with the verdict on the 16th July, 1913. Thereafter an order was passed appointing appraisers to value the land desired to be acquired by the City, and their report was filed. Exceptions to the return of the appraisers, both by the Mayor and City Council and the land owners, followed next in order, and thereafter the City filed its suggestion and affidavit for the removal of the case under section 8 of Article IV of the Constitution. The Circuit Court refused to grant the application for removal, and it is from the action of the Court in that respect, that the present appeal is taken. There is involved, therefore, but the single question, whether or not a proceeding for the condemnation of land is such a one, as entitles either party upon making affidavit that he or it cannot have a fair and impartial trial in the Court in which the same may be pending, to have the case removed to some other jurisdiction.

The issue is a narrow one and was fully and ably presented by counsel upon both sides, both in the oral arguments and in their briefs.

The constitutional provisions, insofar as it is applicable to the present case, is as follows:

"The parties to any cause may submit the same to the court for detrmination without the aid of a jury, and in all suits or actions at law, issues from the Orphans' Court or from any court sitting in equity, and in all cases of presentments or indictments for offenses which are or may be punishable by death pending in any of the courts of law of this State having jurisdiction thereof, upon suggestion in writing under oath of either of the partites to said proceedings, that such party can not have a fair and impartial trial in the court in which the same may be pending, the said court shall order and direct the record of proceedings in such suit or action, issue, presentment or indictment, to be transmitted to some other court having jurisdiction in such case, for trial."

The vital words involved are "all suits or actions at law." The contention upon behalf of the City may be summed up in a very few words, namely, That a proceeding of this character is an action at law, and that being an action at law, it comes within the terms of the constitutional provision giving a right of removal.

It is not open to question in this State that a proceeding to condemn land is an action at law. That has been distinctly held in the case of *Ridgely* v. *Baltimore City,* 119 Md. 567, and earlier cases. The proceeding is not one according to the common law, and is in derogation of private right, and wholly dependent upon statutory regulation and provision. *Fork Ridge Cemetery Co.* v. *Redd,* 33 W. Va. 262, cited in 1 *Lewis on Eminent Domain* (3rd Ed.), section 387. But in any case the proceeding is a judicial one, and involves the exercise of judicial power; 15 *Cyc.* 807; *Ridgely* v. *Balto. City, supra.* In some jurisdictions it is held to be a proceeding *in rem,* but it is described with more accuracy in *Chandler* v. *R. R. Commrs.,* 141 Mass. 212, where it is said

that, "it is not a proceeding *in rem,* although in some respects
resembling such a proceeding." It is rather in the nature
of an inquest, to determine (1) the necessity upon the part
of the City for the acquisition of the land described in the
petition, and if this necessity is found to exist, then (2) the
proper compensation to be paid to the owners for the land
so to be taken. The power of the city to acquire lands for
the purpose specified in the petition by resort to condemna-
tion is fully conferred by Chapter 214 of the Acts of 1908,
p. 649, and by section 6 of the Charter of the City, as framed
in 1898, and the procedure to be followed in such cases was
fully set out in the Acts above named, and Chapter 32 of
the Acts of 1912. That proceedure involved the application
upon the part of the City to a justice of the peace of the
county in which the lands were situate, to issue his warrant
to the sheriff for the summoning of a jury, and then after
certain other proceedings, it provided that "the said jury
shall reduce their inquisition to writing and shall sign and
seal the same, and it shall then be returned by said sheriff
to the clerk of the Circuit Court for said county, and be
filed by such clerk in his office, and shall be confirmed by
said Court at its next session, if no sufficient cause to the
contrary be shown; and when confirmed shall be recorded
by the said clerk at the expense of the City."

By Chapter 117 of the Acts of 1912 a somewhat different
method of procedure was provided to be followed in cases
of condemnation, the material element in which was, that the
application was to be made in the first instance to the Court,
instead of to a Justice of the Peace. This Act, however,
affected no substantive right of either the land owner or the
condemning party, it related only to the method of pro-
ceedure to be pursued in such a case. As has already been
pointed out, the proceeding for the condemnation of land
was one involving the exercise of judicial power; that power
was necessarily applied prior to the adoption of the Act of
1912; in that there was required the confirmation of the

inquisition of the jury by the Court and the same power is equally involved under the provisions of the Act of 1912. Provision was made in both cases for the filing of exceptions, either to the inquisition of the jury, or the return of the appraisers, and the condemning party could acquire no rights under the proceeding in either event, until after the confirmation of the inquisition or appraisement by the Court. The distinction attempted to be drawn by the City Solicitor, that prior to the Act of 1912 the Court in reality sat as an appellate tribunal, but under the Act became a Court of original jurisdiction, is without force.

This Court does not understand that it is seriously contended that any right of removal is claimed to have existed prior to the passage of the Act of 1912, but whether this is true or not is of slight importance. The right of condemnation being one purely of statutory creation, is one to be strictly construed, and where the Legislature which has conferred the right has also laid down the mode of proceedure for the acquisition of property under it, that method and none other is the one to be followed.

It is not every case on the law side of the Court in which the parties are entitled to a removal upon the suggestion and filing of affidavit specified in the constitution. It has thus been repeatedly held that an equity case may not be removed from one jurisdiction to another; *Hoshall* v. *Hoffacker,* 11 Md. 364; *Cooke* v. *Cooke,* 41 Md. 362; nor appeals from a Justice of the Peace, *Geekie* v. *Harbourd,* 52 Md. 460; nor an application for the forfeiture of a charter, *Bel Air Club* v. *State,* 74 Md. 297; nor an appeal from the Commissioners for Opening Streets, *Chappell* v. *Edmondson Ave. Co.,* 83 Md. 512.

As a result of a somewhat peculiar phraseology of the statute a change of venue has been allowed in Minnesota and Missouri in cases of condemnation of lands, while in California in a water case, under a statute not very dissimilar from the one now involved, the removal of such a case was held to have been correctly refused. *Santa Rosa* v. *Fountain*

*Water Co.,* 138 Cal. 579. When we turn to the statutes in this State we find no provision whatever enacted by the Legislature providing for the removal of a condemnation case; nor in the opinion of this Court is such a case one in which the right of removal exists under the phraseology of the constitution, unless that right be expressly conferred by statute. In that respect it is quite analagous to the case of *Gardiner* v. *Baltimore City,* 96 Md. 361, in which it was held that no right existed in the municipal corporation to appeal from an award of damages, in the absence of statutory authorization for such appeal. The reasoning of the Court in that case is equally applicable in the present one.

But again, as appears by the record in this case, the initial question of the necessity for the acquisition of the property having been determined in favor of the City, and that by the verdict of the jury, it was at least equivalent in effect to a judgment by default, and, therefore, it comes directly under the rule as applied in *Northern Central Railway* v. *Rutledge,* 41 Md. 372, where it was laid down, that where a judgment by default had been entered, and the sole question remaining was the inquisition of damages, it was too late to invoke the constitutional right of removal.

The question of first importance here was the existence, *vel non,* of the necessity for the acquisition of the property by the City. If upon the petition for a condemnation being filed, the defendants had by inaction permitted a judgment by default to go against them, it would have presented the exact question that was before this Court in the *Rutledge case,* and *a fortiori* when after hearing, a verdict and judgment had been entered in favor of the City, with even greater reason an application for removal came too late, granting for this purpose only, that there ever was a time when the case could have been removed.

The judgment of the Circuit Court for Baltimore County will therefore be affirmed.

*Judgment affirmed, with costs.*