EDWIN M. WILMER, Trustee,

*vs.*

LIGHT STREET SAVINGS AND BUILDING
ASSOCIATION.

*Removal of Causes—Circuit Court No. 2 of Baltimore City.*

There being no power, under the State Constitution, to remove an equity case from one court to another, and the Circuit Court No. 2 of Baltimore City being a distinct court from the Circuit Court of Baltimore City, the latter court had no jurisdiction of a case removed to it from the former court.     p. 241

Acts 1920, ch. 425, providing, as to Baltimore City, for the transfer of any equity case to another judge of the Supreme Bench, on suggestion by a party under oath that the judge or chancellor sitting in the court will not give it fair and due consideration, is invalid, in view of Constitution, art. 4, sec. 32, providing for the assignment of judges by the Supreme Bench to each of the courts.     p. 242

*Decided June 21st, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (HEUISLER, J.).

Bill by Edwin W. Wilmer against the Light Street Savings and Building Association, and others. From a decree for defendants, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*David Ash,* for the appellant.

*Frank Driscoll,* with whom was *G. Clem Graetzel* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The controlling question, on this appeal, is whether the Circuit Court of Baltimore City had jurisdiction to hear and determine this cause, on removal to it for trial, from Circuit Court No. 2, of Baltimore City, and to pass the decree dated the 19th of November, 1921, which is set out in the record. From this decree an appeal has been taken.

It appears from the record that the plaintiff below, the appellant here, filed an amended bill of complaint, on the 13th of December, 1920, for an account and discovery, against the defendants, the appellees here, in the Circuit Court No. 2 of Baltimore City, and asked for the usual process on the bill.

The defendants appeared on the 24th and 25th of January, 1921, and answered the amended bill.

On the 31st of October, 1921, the following suggestion and affidavit for removal was made by the defendants, in Circuit Court No. 2, of Baltimore City:

> "The Light Street Savings and Building Association of Baltimore City, the Ridge Realty Company, the Savings and Loan Association of Baltimore City, and Isaac Merowitz, the defendants in the above entitled case, they believe that the judge sitting in said court will not give a fair and due consideration to the subject-matter of said case, and pray the court to order and direct the removal of the record of proceedings in this case to some other judge of the Supreme Bench of Baltimore City to render a final decision thereon."

On the 31st day of October, 1921, it was ordered by the Circuit Court No. 2, of Baltimore City, "that the record and proceedings, and a copy of the docket entries under seal in the above entitled case be transmitted for trial to the Circuit Court of Baltimore City."

The Circuit Court No. 2, of Baltimore City, was without authority and clearly in error, we think, in ordering the

record and proceedings of this case to be transmitted for trial to the Circuit Court of Baltimore City.

These courts are both separate and distinct courts of equity, with exclusive jurisdiction in equity, within the limits of the City of Baltimore.

The Circuit Court of Baltimore City was one of the courts established and provided in and for the Eighth Judicial Circuit of Maryland, by section 27 of article 4 of the Constitution of 1867, and with exclusive jurisdiction in equity, as stated in section 29, article 4, of the Constitution.

The Circuit Court Number Two of Baltimore City was established in and for the City of Baltimore, as an additional court for the city, by chapter 194 of the Acts of 1888. The powers and jurisdiction of this court, it was provided by the act, shall be concurrent with those now held and exercised by the Circuit Court of Baltimore City, and both of said courts shall have the same terms and return days, subject to such rules and regulations for a proper distribution and apportionment of business between them, as the Supreme Bench of Baltimore shall from time to time prescribe.

Section 2 of the Act of 1888 also provided for the election of another judge of the Supreme Bench of Baltimore City, and the said judge, when elected, to be subject to all the provisions of the Constitution relating to the Supreme Bench in Baltimore City and the several judges thereof.

By section 3 of the same act (1888), it was also provided that there shall be elected at the same election, by the legal and qualified voters of Baltimore City, a clerk for the Circuit Court Number Two of Baltimore City, who shall be subject to all the provisions of the Constitution, relating to the clerk of the Circuit Court of Baltimore City.

It will thus be seen that the Legislature of 1888 not only established another court for the City of Baltimore, to be styled the Circuit Court Number Two, of Baltimore City, but also provided for the election of another judge of the Supreme

Bench of Baltimore City, and a clerk for the last named court. Acts of 1888, ch. 194. sec. 39, Const. 1867, art. 4.

The law is well settled in this State, since the case of *Cooke* v. *Cooke,* 41 Md. 362, that an equity cause pending in one court cannot be removed for trial to some other court, under the provisions of section 8, article 4, of the Constitution of 1867.

The reasoning for the conclusion reached by the Court, in *Cooke* v. *Cooke, supra,* that the framers of the Constitution, and the people who adopted it, did not intend to embrace equity proceedings in that clause of the Constitution (article 4, section 8, Constitution, 1867) providing for the removal of causes, is fully and clearly set out by the learned judge who wrote the opinion in that case, and need not be repeated here. *Cooke* v. *Cooke,* 41 Md. 362; *Baltimore* v. *Kane,* 125 Md. 138; *Schaible* v. *Home Insurance Co.,* 132 Md. 680.

It thus appears, under the provisions of the Constitution and laws of the State, relating to the removal of causes for trial, that Circuit Court No. 2, of Baltimore City, had no power to remove this case to the Circuit Court of Baltimore City for trial, and that the last named court was clearly without jurisdiction to hear and determine the case, and to pass the decree of the 19th of November, 1921.

It has been suggested that the order directing the transmission of the record to the Circuit Court of Baltimore City was valid and effective, under section 322A of chapter 425 of the Acts of 1920, which provides that

"in all cases in equity, upon suggestion in writing under oath, by either of the parties to said proceedings that he believes that the judge or chancellor sitting in said court will not give fair and due consideration to the subject-matter in the case, the said judge or chancellor shall immediately order and direct the records of the proceedings to the said cause to be transmitted to some other judge of the Supreme Bench of Baltimore City to render a final decision thereon."

But this suggestion is neither sound nor well founded, because, even if we assume that the removal in this case was based upon the Act of 1920, it could not help or avail the defendants on this appeal.

The assignment of the judges to each of the courts of Baltimore City by the Supreme Bench of Baltimore City is provided by section 32, of article 4 of the Constitution of the State, and it will be seen that the provisions of chapter 425 of the Acts of 1920, herein set out, are in direct conflict with that section of the Constitution and are invalid and unconstitutional, and therefore null and void.

For the reasons stated, we shall reverse the order and decree of the Circuit Court of Baltimore City appealed from, and remand the cause to the Circuit Court No. 2, of Baltimore City, for trial.

> *Decree reversed, cause remanded to Circuit Court No. 2, of Baltimore City, for trial, the costs in this Court and in the court below to abide the result of the trial.*