## PORTER *v.* SHERIFF OF ALLEGANY COUNTY

[H. C. No. 42, October Term, 1956.]

*Decided January 17, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal by Clarence T. Porter from a denial of a writ of *habeas corpus* by Chief Judge Henderson of the Circuit Court for Allegany County, on September 13, 1956, after a hearing.

The petitioner had been sued by his wife on the Equity side of that Court in May of 1954, wherein she requested a divorce, alimony and her share of the proceeds of certain bonds. To this suit, petitioner filed an answer and a cross-bill, being represented by several successive lawyers. In due course, the matter came on for hearing in May of 1955. His then counsel appeared and notified the Court that counsel, although

diligent efforts had been made, was unable to contact petitioner or to get any reply from his correspondence, telephone calls or telegrams to petitioner. The Court heard the testimony of the wife and her witnesses; and sometime thereafter on August 17, 1955, signed a decree granting her a limited divorce, and ruled she was the owner of, and entitled to receive from petitioner, one-half of the U. S. Savings Bonds previously purchased by the parties. The petitioner was ordered to forthwith deliver to the wife one-half of said bonds or their equivalent value in cash; and he was directed to pay her $100 per month as alimony. On September 15, 1955, an appeal was noted by petitioner's counsel to the Court of Appeals. Counsel filed a petition in which he requested permission to withdraw his appearance as solicitor for Porter. In this petition counsel stated that after the above decree, he had contacted Porter and informed him of what had transpired, but counsel was unable to get him to appear or come into Court; that Porter had advised counsel he wanted to appeal, and even though counsel was unable to get him to appear in Cumberland or discuss the question of what should be done, counsel had noted the appeal; and, that counsel had no means of knowing where to contact petitioner. The record does not disclose what disposition was made of this appeal.

In May of 1956, the wife's counsel filed a petition alleging Porter had made no attempt to comply with the Court's order. It stated that immediately after the passage of the order, petitioner had removed himself from the jurisdiction of the Court. It further alleged Porter was believed to be living in Washington, D. C., but working in Maryland under an assumed name. An order was signed directed to the Sheriff of Prince George's County ordering him to apprehend Porter and bring him before the Circuit Court of Allegany County. He subsequently was apprehended, and placed in jail in the County.

On June 30, 1956, Mrs. Porter and her solicitor appeared in open Court as did Porter and his new counsel. Mrs. Porter testified, and Porter admitted, he had paid her nothing in money nor had any bonds been delivered to her. At the conclusion of this hearing he was found guilty of contempt

of Court for failure to deliver one-half of the bonds or payment of $4,217 in lieu thereof and failure to pay $100 as a counsel fee, and remanded to the custody of the sheriff until he purged himself of said contempt. On August 1, 1956, the Court signed a written order to like effect. On August 30, 1956, petitioner filed a petition for a writ of *habeas corpus.* A hearing was held on this petition by Judge Henderson on September 10, 1956, at which Porter was present and his counsel heard. His counsel offered an affidavit from Porter, which claimed to prove his inability to pay. The Court refused to receive the affidavit in the *habeas corpus* proceeding, ruling if Porter desired to prove his inability to comply with the order, he should do so in the divorce action. At this time, the Court stated he previously had so informed Porter's counsel in writing. The Court then formally denied his petition for the writ of *habeas corpus,* and it is from this order petitioner makes application to appeal.

From these facts, set forth more in detail than is necessary, it is apparent the petitioner is not now confined as a result of a criminal prosecution, but because of failure to comply with a decree passed by the Court sitting in Equity. While it is true this Court has the authority to entertain an appeal from a denial of a petition for a writ of *habeas corpus* when the petitioner is deprived of his liberty as the result of a criminal prosecution, Art. 42, sec. 6, Code (1951); it does not have that right unless he is so confined. Art. 42, sec. 7, Code (1951), *McElroy v. Director of Patuxent Institution,* 211 Md. 385, 127 A. 2d 380. The application for leave to appeal must therefore be denied.

*Application for leave to appeal
denied, with costs.*