## PURKS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 46, September Term, 1960.]

*Decided January 17, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

PER CURIAM.

The applicant, who had been sentenced to eight years for
robbery, was found by a jury to be a defective delinquent, and
now seeks leave to appeal.

Preliminarily, applicant claims he has an unqualified consti-
tutional right of appeal. This contention was put to rest long
ago by the Supreme Court which held in *McKane v. Durston,*
153 U. S. 684, 38 L. Ed. 867, that whether an appeal should
be allowed and under what circumstances is a matter for the
State to determine. This holding was noted with approval in
*Griffin v. Illinois,* 351 U. S. 12, 18, 100 L. Ed. 891, 898.

The applicant next claims the rules of law and practice
applicable in criminal cases; such as the jury being the judge
of law as well as fact, proof beyond a reasonable doubt and
argument of the law to the jury, should apply in defective
delinquent determinations. His contentions have been flatly
decided against him. *Eggleston v. State,* 209 Md. 504; *Mc-
Elroy v. Director,* 211 Md. 385; *Blizzard v. State,* 218 Md.
384.

The ultimate contention is that there was error in allowing
into evidence over objection the psychiatric report of the Di-
rector of the Patuxent Institution, called for by Code (1957),
Art. 31B, sections 7 and 8, and the report of the State Psy-
chologist (although both testified) and certain other institu-
tional reports, on the ground they contained irrelevant, inad-
missible and prejudicial matter.

We cannot tell from the record before us whether there is
merit and substance to the last contention and, therefore, grant
the application for leave to appeal, with the limitation that only
the question of the admissibility of the reports objected to is

to be briefed, argued or considered by this Court on the appeal.

*Application, as limited in the opinion, granted.*