## BULLOCK ET AL. *v.* STATE

[Nos. 3, 4 and 5, Miscellaneous Docket, September Term, 1962.]

*Decided December 17, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Charles A. Reese* for appellants.

*Jacques E. Leeds, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented in these cases is whether the petitioners (Donald Bullock and Charles L. DuDonis),[1] who

1. When the appeals were filed in this Court, there was another appellant, but after the motion to dismiss had been argued, we were advised by Judge Sodaro (of the Supreme Bench of Baltimore City) in a letter dated November 26, 1962, that Daniel Joseph

are presently confined in the Patuxent Institution, are entitled to remove the petitions they filed, for a redetermination of the status of each as a defective delinquent, from the Criminal Court of Baltimore to some other court for hearing.

The question to be decided is before us on the motion of the State to dismiss the appeals of the petitioners from identical orders of the Circuit Court for Howard County (to which the petitions had been removed) remanding the petitions for redetermination of status to the Criminal Court of Baltimore because there was no constitutional or statutory authority for the removals. Since the only question on appeal is the same as that raised by the motion to dismiss, it is apparent that the ruling on the motion will be dispositive of the appeals.[2]

When the petitions for redetermination of status came on for hearings in the Criminal Court of Baltimore each of the petitioners filed a suggestion of removal pursuant to Section 8 of Article IV of the Constitution of Maryland and Maryland Rule 542. The Criminal Court of Baltimore ordered the cases removed to the Circuit Court for Howard County. That court, in ruling on the motion of the State's Attorney for a remand of the petitions to the court of original jurisdiction concluded that "since there was no constitutional nor statutory authority for the removal of these cases to [the Circuit Court for Howard County], they must be remanded to the Criminal Court of Baltimore." We agree.

Section 8 of Article IV of the Constitution in pertinent part provides that:

> "[I]n all suits or actions at law, * * * upon suggestion * * * [that a] party cannot have a fair and impartial trial * * * [the court] shall order and direct the record of proceedings * * * to be transmitted to some other court having jurisdiction * * * for trial."

Rüdiger, the other appellant, had been released from Patuxent Institution on a writ of *habeas corpus.*

2. After the oral argument on the motion to dismiss, the parties were allowed additional time to file briefs or memoranda of law if either desired to do so. The petitioners filed a memorandum brief. The State, having fully argued the law in a memorandum filed with the motion to dismiss, deemed it unnecessary to reply.

The constitutional provision further provides that the General Assembly "shall make such modification of existing law as may be necessary to regulate and give force to this provision." Code (1957), Art. 75, § 44, is the legislative action giving force to the constitutional provision and Rule 542 is the procedural regulation governing the right of removal. In substance, the constitutional, statutory and regulatory provisions are the same. And see *Kisner v. State,* 209 Md. 524, 122 A. 2d 102 (1956), where it was said that that part of the provision requiring the court in which the case "may be pending" to transmit it "to some other court having jurisdiction" would seem to refer to jurisdiction of the subject matter.

There is no longer any doubt that a proceeding under Article 31B of the Code relating to defective delinquents is civil in nature. See *Purks v. Director,* 224 Md. 643, 166 A. 2d 917 (1961); *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227 (1958); *McElroy v. Director,* 211 Md. 385, 127 A. 2d 380 (1956); *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698 (1956). But that does not necessarily mean, as the petitioners contend, that such proceedings are "suits or actions at law" within the purview of the Constitution, the statute or the rule.

While the purpose of the constitutional provisions affording a right of removal is to assure "a fair and impartial trial" when it cannot be had in a court in which an action at law is pending, *Baltimore v. Libowitz,* 159 Md. 28, 149 Atl. 449 (1930), it has invariably been held that the removal clauses are to be liberally construed in favor of the right, *Barnes v. Meleski,* 211 Md. 182, 126 A. 2d 599 (1956). Yet, there have been a number of cases [3] in which the right of removal has

---

3. See, for instance, *Cooke v. Cooke,* 41 Md. 362, a suit in equity (though not the issues from a court of equity [or the Orphans' Court] to be tried by a jury in a court of law, which are specifically included in the constitutional as well as the statutory provisions); *Trayhern v. Hamill,* 53 Md. 90, issues framed at instance of a creditor in insolvency proceeding; *Bel Air (Etc.) Club v. State,* 74 Md. 297, a proceeding for the forfeiture of a corporate charter; *M. & C. C. of Balto. v. Kane,* 125 Md. 135, a condemnation proceeding under power of eminent domain; *Slacum v. Jolley,* 153 Md. 343, an appeal from an order of what was then the Industrial Ac-

been denied because the particular proceeding was considered not to be within the provisions of the Constitution or the statutes regulating and giving force to such provisions.

The principle of the Maryland cases—which, together with the constitutional and statutory provisions concerning the removal of causes, were extensively reviewed and discussed in *Baltimore v. Libowitz, supra,*—is that the term "suits or actions at law" are (as was said at p. 34 of 159 Md.) "[t]hose common law and statutory actions [which], in addition to tendering (a) an issue of fact (b) for trial by jury, have the further attributes (c) of beginning in a court of original common law jurisdiction, and (d) of being the ordinary proceedings between man and man by which redress is sought as a matter of right in cases of ordinary injuries to person and to property," but do not include (as was also said at p. 37) those actions "brought in a court of original jurisdiction by the State in the exercise of its sovereign power or function." We think the latter clause would embrace a proceeding such as those brought to determine or redetermine the status of a person as a defective delinquent. Such a proceeding necessarily involves the power and function of the State to safeguard society against the anti-social behavior of a defective delinquent as well as to afford such person the means of terminating his confinement when it becomes apparent that it is reasonably safe to release him from further confinement.

Of course, as was said by Judge Macgill in his comprehensive opinion filed in the lower court, "[i]t is clear that the constitutional right of removal is to be liberally construed and cannot be restricted by legislative act (*Barnes v. Meleski,* [*supra*]), but it seems equally clear that it cannot be enlarged by implication to include proceedings not mentioned nor contemplated at the time of its adoption (*Baltimore v. Libowitz, supra*)." And see the unsigned case note (to *Heslop v. State*) in 13 Md. L. Rev. 344 tracing the history of the right of removal in this State.

---

cident Commission (though it should be noted that the right to remove an appeal from the Workmen's Compensation Commission was conferred by Chapter 587 of the Laws of 1927); and *Baltimore v. Libowitz,* 159 Md. 28, a petition for a writ of mandamus.

Although the Legislature lacks authority to enact a law restricting or limiting the right of removal, it nevertheless has the power to extend the right by legislative enactment, *Price v. Nesbitt*, 29 Md. 263 (1868), so long as the enactment does not conflict with the Constitution, *Heslop v. State*, 202 Md. 123, 95 A. 2d 880 (1953), and has, in fact, done so. See, for instance, Chapter 187 of the Laws of 1865 and Chapter 587 of the Laws of 1927. But the power to enlarge the right is a legislative, not a judicial, function, and, so far, the Legislature has not extended the right of removal to proceedings involving defective delinquents. On the contrary, the recent extensive revision of Article 31B (by Chapter 629 of the Laws of 1961) clearly indicated an intention not to do so.

Except for a clause stating that the Criminal Court of Baltimore should have jurisdiction of a person last sentenced by the Municipal Court of Baltimore City, the wording of § 6 (e), providing that:

> "The court which last sentenced the defendant, whether or not the term of court in which he was sentenced has expired, shall retain jurisdiction of the defendant for the purpose of any of the procedures specified in §§ 6, 7, 8 or 9,"

was retained verbatim. The sections referred to concern the requests for an examination of a sentenced person for possible defective delinquency (§ 6), the implementation of such examination (§ 7), the hearing to determine whether a person, so stated to be by the three persons authorized to make the examination, is in fact a defective delinquent (§ 8), and the subsequent institutional confinement of such person depending on the outcome of the hearing (§ 9).

More significantly, the revision of § 10 (a), concerning the right of a defective delinquent (after the expiration of two years) to file a petition in "the law courts of the county or Baltimore City, as the case may be, either where such person was originally sentenced or which was the bona fide residence of such person when originally sentenced" for the purpose of having the defective delinquency of such person redetermined, eliminated the clause which had formerly provided—

"that if the law court * * * from which he was originally sentenced or in which he was a bona fide resident at the time of such sentence are one and the same, the petitioner shall have an absolute right to file his petition in the law court of any other county or in Baltimore City."

The statute not only affords no right of removal, but, on the contrary, clearly negates any inference that a removal was ever contemplated.

It is for these reasons that the argument of the petitioners on appeal—to the effect that this Court should construe the constitutional provisions in such manner as would give the petitioners a right of removal—cannot prevail.

The order must therefore be affirmed.

*Order affirmed.*