OLSON *v.* LOVE ET AL.

[No. 209, September Term, 1963.]

*Decided May 4, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Russell Hardy, Sr.,* for the appellant.

*John S. McInerney* for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appeal in this suit in equity involving the custody of a child is from an order of the Circuit Court for Montgomery County denying the appellant's suggestion for removal. The appellant's contention in this Court is that she is entitled, as a matter of right, under Maryland Rule 542 a, to a removal of the case. Since her claim is not founded upon an alleged constitutional right and the denial thereof, even if we were to assume that the Circuit Court had power to order the removal of an equity suit, its power to act would be discretionary, and an order granting or refusing removal would constitute only

an interlocutory order, and not a final order subject to immediate appeal. Code (1957), Art. 5, sec. 1; *Tidewater Portland Cement Co. v. State,* 122 Md. 96, 89 A. 327; *Lee v. State,* 161 Md. 430, 433, 157 A. 723. An observation by Judge Delaplaine in *Heslop v. State,* 202 Md. 123, at 126, 95 A. 2d 880, that it was unnecessary to decide a question as to immediate appealability, which was not presented (because no immediate appeal had been taken), but which might have involved a challenge to *Lee,* could hardly be said to have impaired *Lee,* which Judge Delaplaine had just cited with approval. More recently, the *Lee* case was cited and quoted with approval and at some length in *Pearlman v. State,* 226 Md. 67, 71-72, 172 A. 2d 395. We think that the appeal here must be dismissed as being from an order not final in nature.

Since, however, the question of the removability of a suit in equity might be made the basis of a subsequent appeal to this Court, we shall, as authorized by Rule 885, express our view with regard thereto. We hold that no right of removal exists in equity suits.

The appellant's reliance on Rule 542 a is misplaced. That Rule is in that portion of Chapter 500 which deals with suits at law, and it applies "to procedure at law only." See also Rule 2 b 1. Nor can the appellant derive any aid from Const., Art. IV, sec. 8 or Code (1957, Cum. Supp., 1963), Art. 75, sec. 44, dealing with removal. Those provisions and Rule 542 are all substantially alike. *Bullock v. State,* 230 Md. 280, 283, 186 A. 2d 888.

That there is no right of removal in equity suits is, we think, firmly settled. *Cooke v. Cooke,* 41 Md. 362; *Wilmer v. Light Street Svgs. and Bldg. Assn.,* 141 Md. 238, 118 A. 414. This rule has been repeatedly recognized in other cases where it was not actually involved, but was referred to by way of analogy in support of the conclusion there reached. See *Bel Air Social Club v. State,* 74 Md. 297, 302, 22 A. 68; *Mayor and City Council of Baltimore v. Kane,* 125 Md. 135, 139, 93 A. 393; *Baltimore v. Libowitz,* 159 Md. 28, 36, 149 A. 449; *Bullock v. State, supra,* 230 Md. at 283, n. 3.

> *Appeal dismissed; costs to be paid by the appellant.*