PORTER *v.* PORTER

[No. 325, September Term, 1964.]

*Decided May 28, 1965.*

The cause was argued before HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Clarence T. Porter, pro se,* for the appellant.

No brief and no appearance for the appellee.

PER CURIAM.

By deed dated May 12, 1949, Jeannette M. Porter, widow, conveyed a lot of ground, improved by a small dwelling in poor state of repair, located at Eckhart, Allegany County, to the ap-

pellant, her son, Clarence T. Porter, and his wife, Viola A. Porter, appellee, as tenants by the entireties, reserving a life estate in the grantor. The record before us shows that Jeannette M. Porter died November 3, 1963, vesting the remainder interest in the property in the parties to this proceeding as tenants in common, due to the fact that the appellee, by decree of the Circuit Court for Allegany County, was awarded a divorce *a vinculo matrimonii* from the appellant. The case now before us is an equity proceeding for the sale of the property in lieu of partition, and division of the proceeds thereof.

The bill of complaint was filed March 4, 1964, and the appellant answered by letter to Mr. Boden, Clerk of the Court: "My answer to complaint of Viola A. Porter and Clarence T. Porter. We do not have any rights to the selling of this property of Mrs. Jeannette M. Porter, Eckhart Mines, Maryland."

In the intervening years between the conveyance of the property by the appellant's mother and the filing of the present bill of complaint, there has been much litigation between the parties hereto. The appellee, by name of Viola Nettie Porter, in the Circuit Court for Allegany County, obtained a decree of divorce *a mensa et thoro,* dated August 17, 1955, from the appellant named as Clarence Porter, by the terms of which she was awarded certain personal property and alimony at the rate of $100 per month. As a result of his refusal to abide by the terms of that decree he was cited for contempt and committed to the Allegany County jail until such time as he might purge himself of the contempt by compliance. He remained in jail approximately twenty months and sought leave to appeal to this Court from the denial of a writ of habeas corpus, but his application was denied. *Porter v. Sheriff,* 212 Md. 631, 128 A. 2d 442. Later, the appellee, by name of Viola Porter filed a proceeding, No. 25,035, in which she obtained a decree of absolute divorce from Clarence T. Porter on March 5, 1958. Simultaneously with the date of the decree the parties and their counsel entered into an agreement which was filed in that case whereby the parties agreed with reference to their marital difficulties, among other things, that the property in Eckhart involved in the present case: "which stands in the names of Viola Porter and Clarence T. Porter, and subject to a life estate in the name of Jeannette

Porter, shall stand in that manner and that the property shall not be interfered with during the lifetime of Jeannette Porter, and at her death the property will belong to Clarence T. Porter and Viola Porter, if divorced, as tenants in common."

At the outset of the trial before Judge Naughton, Porter, who was not represented by counsel then or on this appeal, orally moved the court for a change of venue from Allegany to Frederick County, stating as his reasons that he could not obtain a fair trial in this equity case because he had been tried in Allegany County five or six times illegally and sentenced to confinement in the county jail, but his motion was denied. After hearing all of the testimony the chancellor on July 16, 1964, signed a decree for the sale of the property and appointed a trustee to conduct a public sale. From that decree appellant brings this appeal claiming: 1, that he should have been granted a change of venue; 2, that he was not legally divorced from the appellee due to the variations of her middle name in the marriage certificate, which listed her maiden name as Viola Agnes Jack, and in the *a mensa et thoro* decree, which gave her name as Viola Nettie Porter; and 3, vague claims that his constitutional rights had been violated by the sale of the property held by the parties as tenants in common since he was not divorced; and that he is entitled to $1,000,000 damages "against the decree" and $50,000 damages from William A. Gunter, attorney for appellee in the court below.

We find all of his claims frivolous and without merit. As recently as 1964 we held that there is no right of removal in a suit in equity such as is involved here. *Olson v. Love,* 234 Md. 503, 200 A. 2d 66, and cases therein cited. The chancellor concluded that the parties were divorced *a vinculo matrimonii* so that the property involved was held as tenants in common, as the parties themselves had agreed should a divorce be obtained. Maryland Rule 886 a. The third claim has no basis at law or in equity and involves no violation of constitutional rights.

*Decree affirmed. Appellant to pay the costs.*