# Negroes JERRY, ANTHONY, and others, *vs.* JEREMIAH TOWNSHEND.

The act of 1849, ch. 518, authorising the removal of any suit or action at law to the county court of any adjoining judicial district, for trial, is constitutional and valid.

The proviso to the second section of the act of 1804, ch. 55, " that such further remedy may be provided by law in the premises as the legislature shall, from time to time, direct and enact," conferred upon the legislature the power to regulate at will the subject of removals.

The second and third sections of the act of 1804, ch. 55, are constitutional provisions for the removal of civil and criminal cases, but their *provisoes* confer upon the legislature the power further to regulate the subject. Until the legislature exercises such power these sections are the law to govern and limit the courts in all cases of removal.

The case of the *State vs. Dashiell*, 6 *H. & J.*, 268, is a decision denying the right of the legislature to *curtail* the powers of the courts as conferred by the constitution, but is silent as to the right of the legislature to enlarge those powers.

The object of all laws for the removal of cases is to promote the ends of justice, by getting rid of the influence of local prejudice. It is a common law right belonging to our courts, and as such, can be exercised by them in all cases, where not controlled or modified by our constitutional or statutory enactments.

The case of a *petition for freedom* is not only within the reason of the law, but is embraced within the meaning of the terms, " suit or action at law."

APPEAL from Anne Arundel county court.

This was a petition for freedom, filed by the appellants on the 9th of October 1847, in Prince George's county court, at that time forming part of the first judicial district. Upon the suggestion of the appellants, supported by the affidavit of their counsel, that they could not have a fair and impartial trial in that county, that court removed the cause to Anne Arundel county court, which was at that time a part of the third judicial district, for trial. On motion of the defendant the latter court remanded the cause to Prince George's county court, on the ground, that the removal ought to have been made to the court of a county within the first judicial district. From the order thus remanding the cause, this appeal was taken.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*Alexander* for the appellants. The question in this case is one of importance, as involving a construction of a part of the old constitution. The appellants are negroes, petitioning for freedom, and upon their suggestion their cause was removed from a county in one judicial district to an adjoining county in another judicial district, and the question is, could such a removal be made?

This removal is expressly authorised by the act of 1849, ch. 518, and then the question recurs, is this a constitutional act? Unless expressly or by necessary implication restrained, the legislature had the power to pass the law. The act of 1804, ch. 55, sec. 2, is not an express prohibition upon the legislature. It also expressly provides, that the legislature may make such other and further remedies in the *premises* as they may think proper. The "premises" here meant, are the removal of cases. The object to be attained is a fair trial before an impartial jury. The prejudice which it is the

object of this act to avoid, may exist in the entire district, and hence the provision, that the legislature may in their discretion authorise a removal to an adjoining district.

The acts of 1806, ch. 90, sec. 9, 1810, ch. 63, 1819, ch. 49, 1836, ch. 269, 1838, ch. 245, are all acts passed under this proviso in the act of 1804, ch. 55. They are *further remedies—legislative interpretations* of the constitution in this particular. In the case of *Davis vs. The State*, 3 *H. & J.*, 154, there was a removal from the court of *oyer and terminer* to Anne Arundel county. In 8 *Gill, State vs. Price*, there was a removal from Baltimore city court to Anne Arundel county court. The case of *Anderson vs. Garret*, 9 *Gill*, 128, decides the constitutionality of the act of 1810, ch. 63. Issues from the orphans court may be removed from one county to another in an adjoining judicial district. *Townshend vs. Townshend*, 9 *Gill*, 506.

A petition for freedom is a suit or action at law, 3 *H. & J.*, 158.

*Thos. F. Bowie* for the appellee. None of the acts referred to have any reference to this case, except the act of 1849, and this is the first time that the constitutionality of any of these acts has been argued in this court. The act of 1806, ch. 90, sec. 9, gives the power to remove to an adjoining county within the same judicial district. This simply extends the *vicinage*, still confining it to the same judicial district. The constitutionality of the act of 1810, ch. 63, has never been argued, and the present case does not come under it.

The act of 1819, ch. 140, giving powers to this court in sending back cases under a *procendo*, is also inapplicable to the case at bar. It applies solely to the appellate court, and has nothing to do with the county courts. The act of 1836, ch. 269, relates only to issues of fact from the orphans court or from chancery, and has no application to the removal of *suits or actions at law*.

Petitions for freedom are not actions at law. A slave can-

not bring an action at law, but assuming that he could, the removal must still be made to a county within the same judicial district. All this power of removal is in derogation of the common law, which says, that the trial shall be had in the vicinage where the fact occurred. What would be the use of putting into the constitution a restriction of that power if it can be altered, enlarged or changed at the mere whim or caprice of the legislature? All the cases of removal under the acts of 1836, 1838 and 1849, have passed *sub silentio*. They are all clearly unconstitutional.

The new constitution, art. 4, sec. 28, confines removals to the same judicial circuit.

MASON, J., delivered the opinion of the court.

The proceedings in this case were instituted in Prince George's county court, and removed from that county, upon suggestion and affidavit, to Anne Arundel county court, the latter county being in a different judicial district from the former.

Upon motion, Anne Arundel county court refused to hear the case, and ordered it to be remanded to Prince George's county. From this order the present appeal was taken.

The only questions arising out of this appeal are, first, the constitutionality of the act of 1849, chap. 518, under which this removal was made, and secondly, whether the present proceeding be such a "suit or action at law," as was contemplated by that act.

It is alleged, that the act of 1849 is in contravention of that part of the old constitution embraced in the act of 1804, chap. 55, sec. 2, which requires removals to be made "within the district." Independent of any legislative or judicial interpretation of this constitutional provision, we find no difficulty in pronouncing it to be in perfect harmony with the act of 1849. We will not pause to discuss the question whether the provision in the constitution, (if it stood alone, unqualified by the *proviso*,) directing how removals were to be made, is or is not a virtual denial of all power over the subject by the

legislature. But for the proviso, "that such further remedy may be provided by law in the premises as the legislature shall from time to time direct and enact," the argument of the appellee's counsel on this point would be unanswerable. The court however regard the *proviso* as designed to confer on the legislature the power to regulate at will the subject of removals. If this be not its meaning, we are at a loss to conjecture what other purpose it could have had in view. Besides, without referring to particular instances, we can safely assert that both the courts and the legislature have uniformly acted upon the same assumption, and recognised this power as vested in the legislature.

We regard the second and third sections of the act of 1804, chap. 55, as a constitutional provision for the removal of civil and criminal cases, but which, by their provisos, confer upon the legislature the power further to regulate the subject. Until such power is exercised by the legislature, the provisions of the constitution referred to, are to be regarded as the law to govern and limit the courts in all such cases.

The case of the *State vs. Dashiell*, 6 *Har. & John.*, 268, does not affect the present question. That was a decision denying the right of the legislature to *curtail* the powers of the court as conferred by the constitution, but is silent upon the subject of the right conferred upon the legislature, by the provisos, to enlarge those powers.

The remaining question is, does the act of 1849 embrace the present case? It is contended, that a *petition for freedom* is neither "a suit" nor "an action at law."

All laws for the removal of causes from one vicinage to another, were passed for the purpose of promoting the ends of justice, by getting rid of the influence of some local prejudice which might be supposed to operate detrimentally to the interests and rights of one or the other of the parties to the suit. This is a common law right belonging to our courts, and as such can be exercised by them in all cases, when not modified or controlled by our constitutional or statutory enactments. *Price vs. The State*, 8 *Gill*, 310. The *reason* of

the law would apply with equal force to a case like the present, as to one strictly and technically embraced within the term "action at law." The plaintiff in the present suit, of all the classes in our community, belongs to that which is the most defenceless. Our laws give him a standing in court to prosecute his petition for freedom. An unimpeachable attorney of the court makes oath that he cannot have justice done him in his own county. Under such circumstances, would it not be a mockery of justice to refuse him his application to have the cause removed? Would it not involve a contradiction of terms to say that he shall have the benefit of our courts of justice, but at the same time that his case shall be tried in a county where he cannot have a fair and impartial trial? This view is not only supported by reason and justice, but by an authority directly in point. In the case of *Queen vs. Neale*, 3 *Har. & John.*, 158, the court decide, that although the negro petitioning for freedom, could not himself make the affidavit necessary to lay the foundation for a removal of his case, yet, "upon other proper and competent evidence that an impartial trial cannot be had in the county in which the petition is pending," the removal must take place. In other words, *a petition for freedom* is embraced within the meaning of the terms "suit or action at law."

*Judgment reversed and procedendo awarded.*