# Isaac Hoshall *vs.* Henry M. Hoffacker, and others.

Under the provisions of the constitution and laws of this State, relating to the *removal of causes* for trial, the circuit courts have no power to remove causes pending before them *on appeal.*

Appeal from the Circuit Court for Baltimore county.

In this case the appellees had filed a petition, under the act of 1853, ch. 220, praying the county commissioners of Baltimore county to open a certain public road.    The commissioners, in conformity with the provisions of that act, appointed examiners, who reported in favor of the opening of the road. The appellant, and others, then filed counter-petitions, or objections to the report.    These objections were overruled by the commissioners, and the report confirmed.    From this decision of the commissioners, the appellant appealed to the circuit court for Baltimore county, and a transcript of the record of the proceedings of the commissioners was transmitted to that court, where the parties appeared.    The appellant then suggested that he could not have a fair and impartial trial in that court, and prayed that the case might be removed to an adjoining county for trial.    Upon this suggestion the court below

(PRICE, J.,) passed an order refusing the application, "being of opinion that the court has no power to order the removal in this case." From this order the present appeal was taken.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*E. G. Kilbovrn* for the appellant, insisted that, under the constitution and laws, the court below had the power to order the removal, as prayed, and referred to *Declaration of Rights, art.* 3; *Constitution, art.* 4, *sec.* 28; *Acts of* 1854, *ch.* 325, 1849, *ch.* 518; 2 *Md. Rep.,* 274, *Negro Jerry, et al., vs. Townshend;* and 5 *Md. Rep.,* 370, *Wright vs. Hamner.*

*J. Nevitt Steele* for the appellee, argued, 1st, that the jurisdiction of the court below, in this case, under the act of 1853, ch. 220, being special and appellate, no appeal from its decision lies to *this court;* 9 *Gill,* 93, *Webster vs. Cockey;* 8 *Md. Rep.,* 5, *Lammott vs. Maulsby;* and 2nd, that the order appealed from was properly passed, because the court below had no power, under the constitution and laws of this State, to order the removal of the cause, as prayed.

ECCLESTON, J., delivered the opinion of this court.

The 28th section of the 4th article of the constitution provides for removals "in all suits or actions at law, issues from the orphans court, or from any court sitting in equity, in petitions for freedom, and in all presentments and indictments" then pending, or which might be pending at the time of the adoption of the constitution by the people, or which might be thereafter *instituted* in any of the courts of this State, having jurisdiction thereof. And the classes of cases thus enumerated, are the same as those mentioned in the 1st section of the act of 1854, ch. 325.

When the application for a removal was made in this case, it was pending in the circuit court for Baltimore county, by virtue of an appeal from a decision of the county commission-

ers, taken under the 13th section of the act of 1853, ch. 220, upon an application for a public road.

Neither the constitution nor the act of 1854, in *express terms*, confers the right of removing any case from one county to another, when the same is pending upon *an appeal.* Nor have we met with any decision, or even heard of any practice, in any part of the State, in affirmance of such a right, either as having existed under our former constitution and laws, or as now existing under our present system. But the absence of a sanction for the right by any decision or practice, although entitled to some consideration, is by no means the only ground on which the decision below should be sustained. For, in our opinion, according to the proper construction of the constitution and of the law, they are designed to provide for removing cases from tribunals exercising original and not appellate jurisdiction.

In reference to such an appeal as the present, the act of 1853 provides, that it shall be determined by the judge of the circuit court, or by a jury, at the option of either party.

The 2nd section of the act of 1854, which authorizes a second removal, has no reference to appeals, as it relates only to cases which may be removed under the provisions of the first section.

We think the judge below decided correctly, and therefore his order will be affirmed.

*Order affirmed, and procedendo ordered.*

LE GRAND, C. J.—Although I have considerable doubt as to the correctness of the decision as pronounced by my brothers, I assent to the filing of the opinion, believing that where my convictions are not decided, it is better I should unite with the rest of the court, so that the law may be settled.