SMITH, ET AL. *v.* THE FREDERICKTOWN BANK
& TRUST COMPANY, Ex'r u/w of Charles
McElfresh Smith

[No. 387, September Term, 1969.]

*Decided May 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Herbert D. Morrison* for appellants.

*Donald E. Sharpe* for appellee.

DIGGES, J., delivered the opinion of the Court.

We are here involved with the denial of the right to remove a civil case from the circuit court of its origin as provided by Article IV, Section 8 of the Maryland Constitution, Article 75, Section 44 of the Maryland Code (1957, 1969 Repl. Vol.), and Maryland Rule 542. Even though the order denying removal is seemingly interlocutory in nature we must entertain this appeal because it involves the alleged denial of an absolute constitutional right. *Elliott v. Larrimore,* 203 Md. 526, 101 A. 2d 817 (1954) ; *Griffin v. Leslie,* 20 Md. 15 (1863). Note the full discussion of this right of appeal from a removal decision in criminal cases in *Pearlman v. State,* 226 Md. 67, 172 A. 2d 395 (1961).

On June 10, 1969, the Circuit Court for Frederick County received issues from the Orphans' Court of Frederick County, Maryland, as a result of a caveat to the will of Charles McElfresh Smith. The Fredericktown Savings and Trust Company (now The Fredericktown Bank and Trust Company) as executor under the will, was named as the caveatee and is the appellee in this appeal. The case was ultimately set for trial on January 13 and 14, 1970, but on January 8 the caveators filed a suggestion of removal under Article IV, Section 8 of the Maryland Constitution, alleging merely that they could not have "a fair and impartial trial" in Frederick County. The trial court (Clapp, J.) denied the motion on the

ground that they had not complied with Sixth Circuit Rule 542. That rule provides:

> "RULE 542. REMOVAL OF CAUSES.
> The right of removal of all actions at law, issues from the Orphans' Court or from any court sitting in equity or appeals from the Workmen's Compensation Commission shall be waived by a party unless a written suggestion is filed within 45 days after such cause is at issue or when any such issue or appeal is filed, or within 45 days of the docketing of any such cause being removed from a court outside the Sixth Judicial Circuit, unless a party making the suggestion can make it satisfactorily appear to the court that there is reasonable ground for the same."

Judge Clapp observed that they had neither filed the suggestion of removal forty-five days after the filing of issues nor made it appear that there were reasonable grounds for removal. In addition Judge Clapp pointed out that "this case had been at issue for more than 45 days after the first day of October, 1969, the date on which the above Rule became effective."

The question presented here is whether the judicial circuits can use their local rule making powers, which are recognized in Article IV, Section 18 A of the Maryland Constitution to regulate the "absolute" right of removal in civil cases (Maryland Constitution, Article IV, Section 8). The problem is not a simple one of the regulation or restriction of that right, but of the court's ability to check the grossest abuses of this constitutional privilege. With the noticeable increase in litigation in Maryland since 1875, when the right of removal was last placed in the Constitution, it has become a common practice for attorneys to use the suggestion of removal as an unimpeachable and uncontrollable dilatory tactic. While it is still correctly used to avoid the possible impact of local prejudice in those cases in which it can be exercised, see

*Greenberg v. Dunn,* 245 Md. 651, 227 A. 2d 242 (1967), its use as an eleventh hour maneuver to avoid trial both harasses the opposition and disrupts the constitutional rights of others to have their day in court.

But we are not compelled to decide here if Sixth Circuit Rule 542 violates our state constitution, for we have decided that it was error to apply it to the case at bar. The rule became effective on October 1, 1969, whereas the issues were filed in the circuit court on June 10, 1969. By October 1 the forty-five day election period had long since expired. Moreover, the order of court which established the rule provided:

> "The said rules are hereby made applicable to all pending actions in said Judicial Circuit as regards the *future conduct* thereof *as said rules are applicable.*" (Emphasis added.)

It was suggested at oral argument that the judges of the Sixth Circuit interpreted this provision to create a forty-five day grace period after the effective date of the rule to exercise the right of removal. Under this interpretation the caveatees had waived their right to removal because they failed to file a suggestion of removal by November 15, 1969. We can only comment that while the Sixth Circuit may have been able to promulgate such a general cut off date in the order establishing the rule (a point on which we express no opinion), they did not do so. We must therefore reverse the order and remand the case to the Circuit Court for Frederick County for removal.

> *Order of January 8, 1970 reversed. Case remanded for further proceedings. Costs to be paid by appellee.*