SHREFFLER *v.* MORRIS ET UX.

[No. 433, September Term, 1970.]

*Decided May 13, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*John T. Bell,* with whom were *Charles W. Bell, Frank S. Cornelius, Bell & Bell* and *M. Albert Figinski* on the brief, for appellant.

No brief filed on behalf of appellees.

Singley, J., delivered the opinion of the Court.

For the third time, Rule 542 of the Sixth Judicial Circuit, which imposes a limit on the time within which a civil case may be removed, is under fire. We flanked a similar attack in *Smith v. Fredericktown Bank & Trust Co.*, 258 Md. 141, 265 A. 2d 236 (1970) when we held that the Rule, which became effective on 1 October 1969, was not applicable to a case which had been at issue since 10 June 1969. *Thomas H. Quinn, Inc. v. Realty Investment Co., Inc.*, 261 Md. 308, 274 A. 2d 352 (1971) which also challenged the validity of the Rule, was disposed of on procedural grounds. The present case puts the problem squarely before us.

In May, 1969, Harold C. Morris and his wife entered a judgment by confession in the Circuit Court for Montgomery County against Robert E. Shreffler and his wife. About a month later, the Shrefflers moved to vacate the judgment. In March, 1970, the judgment by confession was vacated with the Morrises' consent, and the case was calendared for trial on the merits. On 25 May 1970, the Shrefflers pleaded the general issue and prayed a jury trial. Some time thereafter, the appearance of counsel for Mrs. Shreffler was stricken, and on 27 November 1970, when the case had been at issue for six months, Mr. Shreffler, through counsel, and Mrs. Shreffler, in proper person, filed a suggestion and affidavit of removal. Relying on the Sixth Circuit's Rule 542 the trial court denied the suggestion, and Mr. Shreffler has appealed.

Sixth Circuit Rule 542 provides:

> "The right of removal of all actions at law, issues from the Orphans' Court or from any court sitting in equity or appeals from the Workmen's Compensation Commission shall be waived by a party unless a written suggestion is filed within 45 days after such cause is at issue or when any such issue or appeal is filed, or within 45 days of the docketing of any such cause being removed

from a court outside the Sixth Judicial Circuit, unless a party making the suggestion can make it satisfactorily appear to the court that there is reasonable ground for the same."

Judge Digges, speaking for the Court, identified the problem which gave rise to the Rule in *Smith v. Fredericktown Bank & Trust Co., supra,* 258 Md. at 143-44:

"The question presented here is whether the judicial circuits can use their local rule making powers, which are recognized in Article IV, Section 18 A of the Maryland Constitution to regulate the 'absolute' right of removal in civil cases. * * * The problem is not a simple one of the regulation or restriction of that right, but of the court's ability to check the grossest abuses of this constitutional privilege. With the noticeable increase in litigation in Maryland since 1875, when the right of removal was last placed in the Constitution, it has become a common practice for attorneys to use the suggestion of removal as an unimpeachable and uncontrollable dilatory tactic. While it is still correctly used to avoid the possible impact of local prejudice in those cases in which it can be exercised, * * * its use as an eleventh hour maneuver to avoid trial both harasses the opposition and disrupts the constitutional rights of others to have their day in court."

Judge Digges' comment is reminiscent of an observation made many years ago by John Prentiss Poe, 2 Poe, *Pleading and Practice* § 103 at 79-80 (5th ed. 1925):

*"Practical consequences of the absolute right of removal.*—In theory the right of removal is very valuable and important, but in practice the number of cases in which a local prejudice exists, so serious as to interfere with an impartial

administration of justice, is comparatively small. Indeed, the privilege in civil cases has been and is still greatly abused; and it is to be regretted that when the constitutional amendment was proposed in 1874, it was not in terms made to apply to civil causes. It surely could not be regarded as a material abridgment of the right to require every party seeking to exercise it to satisfy the court that his reasons for the apprehension that he could not have a fair and impartial trial were substantial. As the law stands now, the removal in civil cases can be had whenever the party is willing to make the suggestion and swear to it. The requirement of an affidavit is found by experience to be but a slight obstacle in the way of a party who knows that its truth can not be inquired into, and whose real purpose in asking for the removal is to gain time or to escape the consequences of his own want of diligence in preparing for the trial, or to subject the other side to expense and annoyance."

Mr. Poe, in treating the historical development of the right of removal, see 2 Poe, *supra* §§ 90-103 at 72-80, notes that it had its roots in the early common law, where courts were recognized to have the power to remove a case to an adjoining county for trial, when justice required. The right was elevated to constitutional status by an 1806 amendment to Maryland's Constitution (Chapter LV, § 2 of the Laws of 1804) ; reappeared as Art. IV, § 28 of the Constitution of 1851, as Art. IV, § 9 of the Constitution of 1864, and as Art. IV, § 8 of the Constitution of 1867. It is the latter provision, as amended on 2 November 1875, which is in force today.

As the provision evolved, however, the underlying concept changed. In 1806, removal could be had to another court in the same judicial district; in 1851, to the court of an adjoining county, but in civil cases only to the court

of an adjoining county in the same judicial circuit. Both the 1806 and 1851 provisions specified that the suggestion of removal had to be made not later than during the term at which issue was joined. The 1864 provision permitted removal to a court in the same or an adjoining judicial circuit; the 1867, to any circuit in the state. Neither the 1864 nor the 1867 provision imposed any time limit within which the suggestion should be made. In the 1864 provision, the party suggesting removal was required to make it satisfactorily appear to the court that he could not have a fair and impartial trial; the 1867 proviso stripped the court of this discretion. The 1875 amendment narrowed the absolute right of removal given by the Constitution of 1867, according it only to criminal cases punishable by death and to civil cases. In noncapital cases, the movant was required to make it satisfactorily appear to the court that his suggestion of removal was true, or that there was a reasonable ground for it. Thus, only as regards criminal cases not involving a capital offense, removal now lies within the discretion of the trial court, Maryland Rule 738.

The narrow question here presented is whether the Circuit Rule is an impermissible encroachment on the right guaranteed since 1875 by Maryland Constitution, Art. IV, § 8:

> "Section 8. Removal of causes.
>
> "The parties to any cause may submit the same to the Court for determination without the aid of a jury, and in all suits or actions* at law [,] issues from the Orphans Court, or from any court sitting in equity and in all cases of Presentments or indictments for offences, which are or may be punishable by death, pending in any of the courts of law in this State having jurisdiction thereof upon suggestion in writing under oath of either of the parties to said proceedings that such party cannot have a fair and impartial trial in the court in which the

same may be pending, the said court shall order and direct the record of proceedings in such suit or action, issue presentment, or indictment, to be transmitted to some other court having jurisdiction in such case for trial, but in all other cases of presentment or indictment, pending in any of the Courts of law in this State having jurisdiction thereof, in addition to the suggestion in writing of either of the parties to such presentment or indictment that such party cannot have a fair and impartial trial in the court in which the same may be pending, it shall be necessary for the party making such suggestion to make it satisfactorily appear to the Court that such suggestion is true, or that there is reasonable ground for the same. And thereupon the said court shall order and direct the record of proceedings in such presentment or indictment to be transmitted to some other Court having jurisdiction in such cases for trial and such right of removal shall exist upon suggestion in cases where all the Judges of said Court may be disqualified under the provisions of this Constitution to sit in any such case and said Court to which the record of proceedings in such suit, or action, issue, presentment or indictment may be so transmitted shall hear and determine the same in like manner as if such suit or action, issue, presentment or indictment had been originally instituted therein, and the General Assembly shall make such modification of existing law as may be necessary to regulate and give force to this provision."

The constitutional provision has been implemented by Code (1957, 1969 Repl. Vol.) Art. 75, § 44 which is virtually identical with the Constitution's language, and procedure is regulated by Maryland Rule 542, *Bullock v. State,* 230 Md. 280, 186 A. 2d 888 (1962).

It has long been held that a constitutional provision granting the right of removal is to be liberally construed, *Greenberg v. Dunn,* 245 Md. 651, 657, 227 A. 2d 242 (1967) ; *State ex rel. Dunnigan v. Cobourn,* 169 Md. 110, 113, 179 A. 512 (1935) ; *Hoyer v. Colton,* 43 Md. 421, 422 (1876) ; *Negroes Jerry, Anthony v. Townshend,* 2 Md. 274 (1852), and that the legislature is without power to pass any law which restricts or limits in any degree the free right to remove, although it may enlarge it, *Barnes v. Meleski,* 211 Md. 182, 187, 126 A. 2d 599 (1956) ; *Hoyer v. Colton, supra.* It is equally well settled, however, that the right can be exercised only once, *Price v. State,* 8 Gill 295 (1849) ; that it may be expressly surrendered or waived, *State v. Simms,* 234 Md. 237, 198 A. 2d 891 (1964) ; *Caledonian Fire Ins. Co. of Scotland v. Traub,* 86 Md. 86, 37 A. 782 (1897) ; or having been asserted, may be withdrawn before removal, *Seth v. Chamberlaine,* 41 Md. 186, 194 (1874), and then renewed but only during the term in which the suggestion was stricken, Maryland Rule 542 e 1, 2, compare *Biscoe v. State,* 68 Md. 294, 298, 12 A. 25 (1888), and that it must be exercised before the jury is sworn, *McMillan v. State,* 68 Md. 307, 12 A. 8 (1888).

There remains the question whether the right of removal may be impliedly waived by a failure to exercise the right within the time limit set by the Circuit Rule.

In *Caledonian, supra,* this Court analogized the right of removal to the right to a jury trial, observing :

"* * * The right of a party in a civil cause, upon suggestion in writing supported by affidavit that he cannot secure a fair and impartial trial in the Court where the action is pending, to have the record transmitted to some other Court, is secured by *Sec.* 8, *Art.* 4, of the Constitution of Maryland. But the right thus given is not one that cannot be surrendered. It is a right which a party may or may not avail of or assert, precisely as the right to a trial by jury in civil

proceedings where the amount in controversy exceeds five dollars, though guaranteed by *Sec. 6, Art.* 15, of the Constitution, may, by agreement, be relinquished. Both are rights accorded by the organic law to suitors, but suitors are under no compulsion to assert or to insist on either; and consequently parties may voluntarily waive the one or the other or both if they elect to do so." 86 Md. at 93-94.

In *Houston v. Lloyd's Consumer Acceptance Corp.*, 241 Md. 10, 215 A. 2d 192 (1965) we upheld a rule of the Circuit Court for Baltimore County which required plaintiffs who desired jury trials in civil cases to file an election within 15 days of the filing of the declaration and defendants to file an election at or before the filing of their first plea. In the course of the careful opinion which he wrote for the Court, Judge McWilliams observed:

"It is well settled that the right to a jury trial may be subjected to reasonable regulation; indeed, it is generally acknowledged that it can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent. Virtually all of the busy courts in this country enjoy the benefits of statutes or rules similar to the rule here under attack and seldom has the validity of those statutes or rules been successfully challenged." [citations omitted] 241 Md. at 14.

In *Maryland Community Developers v. State Roads Comm'n,* 261 Md. 205, 274 A. 2d 641 (1971) we dealt with a related question where an attack was unsuccessfully mounted against Maryland Rule U 15, which requires a jury trial in condemnation cases unless there is an express waiver by both parties.

Certainly, if the right to trial by jury in civil cases, which Constitution, Art. XV, § 6 says shall be "inviola-

bly preserved" may be subject to reasonable procedural restraint to promote the administration of justice, there is no reason to suppose that the exercise of the right of removal may not be similarly controlled by reasonable regulation.

Nearly a century ago, in *Cooke v. Cooke,* 41 Md. 362 (1875) our predecessors, in the course of an opinion holding the right of removal accorded by the Constitution of 1867 did not extend to equity cases (as is still true today, *Olson v. Love,* 234 Md. 503, 200 A. 2d 66 (1964)), recognized that the interest of justice demanded that practical limitations be imposed on the right of removal:

> "But apart from any restriction which the Constitution may impose, there are others growing out of the origin and nature of the right itself, and the end it seeks to attain, which necessarily limit the broad and comprehensive terms in which the right is granted. In construing the instrument the courts have adopted such restrictions as necessarily attending the rightful exercise of the power, and in order that the administration of justice may not be thwarted or wholly defeated under color or pretense of exercising the right. Thus it has been held that as the object of the removal is to secure a fair and impartial trial, the removal must be made before the trial or any part of it is commenced in the court ordering the removal, (*Price v. State,* 8 Gill [295], 313 [(1849)]) and that the right can only be exercised by courts exercising original and not appellate jurisdiction, and hence no removal could be made by a Circuit Court in a case pending before it on appeal, (*Hoshall v. Hoffacker,* 11 Md. 362 [(1857)]) and where the right has been once exercised there can be no second or subsequent removal at the instance of the same party, as that might defeat the object for which the right was granted, and tend to

almost infinite delay, and the great oppression of witnesses." 41 Md. at 368.

It requires no uncommon agility to move from the cases which reach the result that the right of removal can be impliedly waived by a failure to file a suggestion before the commencement of trial, *McMillan v. State, supra,* and those which hold that the right may not be exercised more than once, *Price v. State, supra,* to the support of a Rule requiring that a suggestion be filed at some reasonable time *before* the trial of a civil case begins. This is what the Circuit's Rule 542 was designed to accomplish, and we hold it to be an unquestionably valid exercise of judicial power, as *Cooke, supra* said, "in order that the administration of justice may not be thwarted or wholly defeated under color or pretense of exercising the right." 41 Md. at 368.

Finally, Mr. Shreffler argues that even if the Rule is valid and even though suggestion of removal was filed more than 45 days after the case was at issue, it was within the discretionary power of the lower court to permit the case to be removed upon a showing that there was reasonable ground for removal. The trial judge, in a statement of grounds for his decision filed in conformance with Maryland Rule 18 c, noted that the suggestion and affidavit of removal contained no reason in support of the formal statement that Shreffler "cannot have a fair and impartial trial in this case" and that no evidence was offered in support of this allegation.

*Order affirmed; costs to be paid by appellant.*