## CARL H. EZERSKY *v.* ELIZABETH EZERSKY

[No. 219, September Term, 1978.]

*Decided December 7, 1978.*

The cause was argued before MELVIN, MASON and MACDANIEL, JJ.

*Eugene I. Glazer* for appellant.

*Larry W. Newell,* with whom was *Kenneth L. Johnson* on the brief, for appellee.

MacDANIEL, J., delivered the opinion of the Court.

The appellant in this case, Carl H. Ezersky, challenges the action of the Circuit Court of Baltimore City in granting the petition of the appellee, Elizabeth Ezersky, and removing the child custody portion of the pending divorce case to the Circuit Court for Baltimore County.

The appellee was formerly married to George Diering, and Sally Ellen Diering was born of that marriage. The appellee was divorced from George Diering by a decree of the Circuit Court for Baltimore County dated March 18, 1970, and she was awarded custody of the above minor child, subject to the continuing jurisdiction of that court. After an intervening marriage and divorce, the appellee married the appellant on November 19, 1974. The appellant and appellee separated in 1975, and on July 1, 1976, they entered into a separation agreement which, among other things, stipulated that the minor child, Sally Ellen Diering, could continue to reside with the appellant as long as she desired. On March 10, 1977, the appellant filed for divorce *a vinculo matrimonii* from the appellee in the Circuit Court of Baltimore City. Subsequently, on August 19, 1977, he amended the complaint and sought temporary and permanent custody of Sally Ellen Diering. On the same day, the court, in an *ex parte* proceeding without notice to the appellee's counsel, granted the appellant temporary custody of the child. The appellee then petitioned the court to remove the portion of the case relating to child custody to the Circuit Court for Baltimore County. On December 7, 1977, the petition was granted.

The appellant argues that the lower court did not have the power to remove any portion of the pending case to the Circuit Court for Baltimore County. We agree.

We note, first, that an order granting or denying the removal of a case is final and appealable. *Greenberg v. Dunn,* 245 Md. 651, 227 A. 2d 242 (1967), and the cases cited therein. Thus, the issue of the lower court's power of removal is properly before this Court for review.

## I.

Part of the appellee's argument appears to be that removal was appropriate under the "continuing jurisdiction" concept. The lower court emphasized the fact that the Circuit Court for Baltimore County had decided the issue of the custody of the minor child in the previous divorce litigation and that it "presumably has reports and facts available to it."

We feel, however, the "continuing jurisdiction" arguments are inapposite to this case. Jurisdiction involves the inherent power of a court to decide a case, and it clearly may be had by more than one court at a time, even where jurisdiction by one of the courts is "continuing." *Struzinski v. Butler,* 24 Md. App. 672, 332 A. 2d 713 (1975). The real issue in this case is where, among the courts having jurisdiction, the case will be heard, and this is a question of venue. The appellee has not alleged any facts indicating the Circuit Court of Baltimore City did not have jurisdiction over the entire case or that the initial venue selection was not proper. This case must be decided, then, under the established guidelines for the removal of cases to another court.

## II.

The appellant correctly argues that there is no "right" of removal in divorce or equity cases, such as the one now before this Court. Under Md. Const. art. IV, § 8, Maryland Code § 6-204 of the Courts and Judicial Proceedings Article, and Maryland Rule 542, a party has a "right" to have a case removed to another court having jurisdiction if he can show that he cannot have a "fair and impartial trial" in the court in which the action has been initially brought.[1] This statutory

---

1. Md. Const. art. IV, § 8, Removal of causes, provides in part:

   "The parties to any cause may submit the same to the court for determination without the aid of a jury, and in all suits or actions at law, issues from the orphans' court, or from any court sitting in equity, ... pending in any of the courts of law in this State, having jurisdiction thereof, upon suggestion in writing under oath of either of the parties to said proceedings, that such party cannot have a fair and impartial trial in the court in which the same may be pending, the said court shall order and direct the record of

and constitutional protection clearly does not apply, however, to equity cases. *Link v. Link,* 35 Md. App. 684, 371 A. 2d 1146 (1977); *Olson v. Love,* 234 Md. 503, 200 A. 2d 66 (1964); *Cooke v. Cooke,* 41 Md. 362 (1875).[2] Therefore, the appellee does not have a "right" to have this case, or any portion thereof, removed from Baltimore City.

## III.

The appellee argues that, independent of the above statutory and constitutional provisions, the lower court judge had, and properly exercised, a common law discretionary power (as opposed to statutory duty) to remove the case, or

---

proceedings in such suit or action, issue ... to be transmitted to some other court having jurisdiction in such case for trial...."

Maryland Code § 6-204 of the Courts and Judicial Proceedings Article provides in part:

"(a) *Suggestion under oath.* — In actions at law, including issues from the orphans' court and appeals from the Workmen's Compensation Commission, pending in any of the courts of law in this State, upon suggestion in writing under oath of either of the parties to the action and not of counsel, that such party cannot have a fair and impartial trial in that county or judicial circuit in which the same may be pending, the court shall order and direct the record of proceedings in the action to be transmitted to a court of some other county within the circuit or to some other judicial circuit having jurisdiction in the action for trial."

Maryland Rule 542 provides in part:

"a. *Right of — Suggestion by Affidavit.*
1. Prejudice in County.

In an action at law, including issues from the Orphans' Court and an appeal from the Workmen's Compensation Commission, pending in any of the courts of law of this State, any party to the action and not counsel, may suggest by affidavit that he cannot have a fair and impartial trial in the county in which the action is pending. If the court finds that there is a reasonable ground for the suggestion, it shall order and direct the record of proceedings in the action to be transmitted to a court having jurisdiction in the action in some other county. Any party, including a party who has obtained removal, may obtain further removal pursuant to this Rule."

Other sections of the above statutory provisions give additional procedural requirements which are not in issue in this case.

2. *See* Bullock v. State, 230 Md. 280, 186 A. 2d 888 (1962) footnote 3, which makes clear that while the language of § 8, Article IV of the Constitution of Maryland provides for removal when issues from an equity court are tried in a court of law, it does not provide for removal from an equity court.

part of it, from the Circuit Court of Baltimore City. This discretion would not be dependent on whether the case was at law or in equity or whether there was a showing that a fair and impartial trial could not be had. We disagree.

First, while Maryland law courts (as opposed to equity courts) do have a common law discretionary power to remove cases, as the appellee alleges, an examination of the cases discussing this power shows that it can only be exercised when a party cannot otherwise have a fair and impartial trial. It cannot be exercised for any other reason.

In *Davidson v. Miller,* 276 Md. 54, 83, 344 A. 2d 422, 439 (1975), for example, the Court of Appeals, after finding the statutory removal provisions then in effect unconstitutional,[3] stated:

"The effect of this ruling . . . will in no way deprive or otherwise curtail the circuit courts of the counties or the circuit-level civil law courts of Baltimore City from exercising their common law discretionary power (which is subject to appellate review for abuse) to remove an action to another jurisdiction, within or without the circuit, in order to rid the case of any prejudicial barnacles which, because of local prejudice, passion or interest, may have attached; thus, as near as is reasonably possible, an action's consideration by a fair and impartial jury can be insured." (Citations omitted.)

*See also Price v. State,* 8 Gill 295 (1849), and *Negro Jerry v. Townshend,* 2 Md. 274 (1852).

In *Price v. State, supra,* 8 Gill at 310-11, the Court of Appeals explained the origin of this discretionary power:

"It has always been held, that the county courts in this State, being the only courts of record with original common law jurisdiction, can rightfully

---

3. The reason for finding the provisions unconstitutional in *Davidson* and subsequently in Perkins v. Eskridge, 278 Md. 619, 366 A. 2d 21 (1976), does not in any way affect this case, and the problem has since been remedied by the Maryland Legislature.

exercise all the powers exercised in *England,* by the court of King's bench, so far as these powers are derived from rules and principles of the common law, and so far as the same are suited to the change in our political institutions, and are not modified by our constitutional or statutory enactments.

"That the court of King's bench has rightfully exercised this power of removal as an acknowledged, if not an essential part of its ordinary common law jurisdiction, both in respect to criminal and civil cases, does not seem to have been doubted in any of the cases in which its exercise is reported to us, . . ."

The English common law cases in the Court of King's Bench which are the basis for the discretionary power of removal at law in Maryland are summarized in *Crocker v. Justices of Superior Court,* 208 Mass. 162, 94 N. E. 369 (1911). We need not repeat that summary here. It is clear, however, that the only ground for removal ever recognized was the impossibility of having a fair and impartial trial in the original court of law.

The correct understanding of the Maryland cases such as *Davidson, supra,* then, is that even if the constitution and statutes of this State did not give to parties a "right" to have a case at law removed, a court would still retain a common law discretionary power to remove a case upon the *same* showing. The only purpose behind codification of removal at law in this State was to make "the privilege, for the first time, an object of constitutional security, leaving to the legislature no longer the power to deprive a party of its exercise, but only the power of extending it, or prescribing the *mode* of its exercise." *Price v. State, supra,* 8 Gill at 311.

Clearly, the common law discretionary power of removal is never available in an equity or divorce case. As indicated above, this discretionary power originated in the common law Court of King's Bench. It has, accordingly, been inherited by our common law courts. Our equity courts, on the other hand, find their origin in the Court of Chancery and, in the case of divorce, in the Ecclesiastical Courts, *Dougherty v.*

*Dougherty,* 187 Md. 21, 48 A. 2d 451 (1946). There is no indication that these English courts exercised a discretionary power of removal, and we are not free to give their successors such a power.

Because removal is only available in courts of law (and not equity) and only upon a showing that otherwise a fair and impartial trial cannot be had, removal should not have been granted in this case.

*Judgment reversed.*
*Costs to be paid by appellee.*